**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4736**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ORNIS LEGER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:12-cr-00206-MOC-DSC-4)

Submitted: October 16, 2014          Decided: October 20, 2014

Before MOTZ, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter C. Anderson, BEVERIDGE & DIAMOND, P.C., Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ornis Leger appeals from the criminal judgment imposed after a jury found him guilty of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute marijuana. Leger contends that there was insufficient evidence to convict him of the two counts. He also alleges that the district court erred in denying him the benefit of the safety valve provision at sentencing. Finding no error, we affirm.

A jury verdict must by sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted). Our review of the record persuades us that substantial evidence supports Leger's convictions.

Leger next contends that the district court improperly denied him the benefit of the safety valve, which permits a sentence pursuant to the Sentencing Guidelines range without regard to any statutory minimum sentence. To benefit from the safety valve, the defendant bears the burden of showing that he

2

meets the five requirements set forth in 18 U.S.C. § 3553(f) (2012) and U.S. Sentencing Guidelines Manual § 5C1.2(a) (2012). United States v. Henry, 673 F.3d 285, 292-95 (4th Cir. 2012). We review the district court's determination concerning eligibility for safety valve relief for clear error. Id. at 292.

It is undisputed that Leger met the first four requirements. The issue before us is whether he also met the fifth requirement of truthful and complete disclosure. See 18 U.S.C. § 3553(f)(5), USSG § 5C1.2(a)(5). To satisfy this requirement, the defendant must truthfully disclose all information he has "about the offense of conviction and any other crimes that constitute relevant conduct." United States v. Aidoo, 670 F.3d 600, 610 (4th Cir.), cert. denied, 133 S. Ct. 627 (2012).

We conclude that the district court did not clearly err in denying Leger the benefit of the safety valve. Leger, who claimed that he thought he was unloading furniture and not marijuana, was found not to be credible by the jury and the sentencing judge. He was stopped by DEA agents with approximately 750 pounds of marijuana in his van after assisting in the unloading of the shipment with his co-conspirators. Although Leger consistently stated that he thought the shipment was to be furniture; consistency is not the sole indicator of

3

truthful disclosure. Leger therefore failed to satisfy the requirement that the defendant truthfully disclose all information he has about the offense and relevant conduct. <u>See</u> USSG § 5C1.2(a)(5); <u>Aidoo</u>, 670 F.3d at 610.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4